UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| DALTON LIEBLONG, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4-08-CV-000166 JMM |
| v. | ) | |
| | ) | |
| PFIZER CORPORATION, | ) | |
| | ) | |

Defendant.

# JOINT STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY

The Parties to this action have stipulated, through their respective counsel, to the entry of this Protective Order Regarding Confidentiality ("Protective Order").

1.

During the course of discovery, Defendant Pfizer Inc (incorrectly named as "Pfizer Corporation") (hereinafter "Pfizer") may identify and agree to produce certain personnel records and materials related to employment actions. This Protective Order is to ensure that the documents and information relating to Pfizer's current and former employees and certain employment actions, once produced, are restricted to persons involved with this litigation. Accordingly, such documents and information are deemed confidential and subject to the provisions of this Protective Order.

2.

Further, during the course of discovery, the Parties may request additional personal, confidential, or proprietary documentation from each other or from third parties. If any further documents produced contain personal, confidential, or proprietary information, the producing Party (including any third party producing such documents) may mark the documents

"CONFIDENTIAL." Any document so marked shall not be disclosed to any person except as may be permitted by this Protective Order. The designation of any document as "CONFIDENTIAL" will be made in good faith.

3.

The use of any documents or information therein subject to this Protective Order shall be restricted to the following persons:

(a) The Parties to this litigation;

(b) Counsel for the Parties to this litigation, including their respective paralegals and clerical employees;

(c) Witnesses or prospective witnesses, including but not limited to persons requested by counsel to furnish technical or other expert services, to give testimony or to otherwise prepare for any deposition, hearing, trial, or any other proceeding in this action, provided such witness or prospective witness agrees to be expressly bound by the terms of this Protective Order and not disclose the documents or information therein to any party or person outside this litigation; and

(d) The Court and its personnel, including the stenographic reporters not regularly employed by the Court who are engaged by the Parties or the Court during the litigation of this case.

4.

Upon final termination of this action, whether by completion of trial and any appeal in this action and the satisfaction of any judgment, or upon the conclusion of settlement of this action, all persons subject to this Order shall return to the producing Party or destroy all documents and information subject to this Protective Order, including any and all copies, prints,

negatives, or summaries, and including any and all copies, prints, negatives, and summaries in the possession of employees, experts, or consultants employed or retained by counsel for the Parties, except those items compromising any appellate record, trial court record, privileged communications, or attorney work product.  Counsel for the non-producing Party shall certify to counsel for the producing Party that all such documents or information required to be returned or destroyed have been returned or destroyed.

5.

No Party shall seek sanctions based on an application to the Court for an interpretation of confidentiality pursuant to this Protective Order.  Each Party shall bear its own costs and attorneys' fees related to any such application.

SO ORDERED, this 24th day of October, 2008.

_____
THE HONORABLE BRIAN S. MILLER
UNITED STATES DISTRICT COURT JUDGE

STIPULATED TO:

/s/Clark W. Mason
Clark W. Mason
Arkansas Bar No. 84-207
Brendan Monaghan
Arkansas Bar No. 07-031
CLARK MASON ATTORNEYS
1501 N. University Avenue
Suite 350
Little Rock, AR 72207
Telephone: 501-219-0077
Facsimile: 501-219-2277

COUNSEL FOR PLAINTIFF
DALTON LIEBLONG

/s/Gregory L. Smith, Jr.
David L. Gordon
Georgia Bar No. 123390
Gregory L. Smith, Jr.
Georgia Bar No. 658369
JACKSON LEWIS LLP
1155 Peachtree Street, N.E., Suite 1000
Atlanta, Georgia 30309-3600
Telephone: 404-525-8200
Facsimile: 404-525-1173

Carolyn B. Witherspoon
Local Counsel
Arkansas Bar No. 78-172
CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C.
Museum Center
500 President Clinton Avenue
Suite 200
Little Rock, Arkansas 72201
Telephone: 501-371-9999
Facsimile: 501-371-0035

COUNSEL FOR DEFENDANT
PFIZER INC

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| DALTON LIEBLONG, )<br>)<br>)<br>Plaintiff, )<br>) Case No. 4-08-CV-000166 JMM<br>v. )<br>)<br>PFIZER CORPORATION, )<br>) | |

Defendant.

**CERTIFICATE OF SERVICE**

I hereby certify I have served counsel for Plaintiff with the foregoing **JOINT STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY** by causing a copy to be sent by United States mail, postage pre-paid, to:

>Clark W. Mason, Esq.
>Brendan Monaghan, Esq.
>Clark Mason Attorneys
>1501 N. University Avenue, Suite 350
>Little Rock, AR  72207

This 23rd day of October, 2008.

>/s/Gregory L. Smith, Jr.
>Gregory L. Smith, Jr.
>Georgia Bar No. 658369